fore me for consideration and determination. Section 2650 of the Code, so far as material, provides:

"Before letters of guardianship of an infant's property are issued by the Surrogate's Court, the person appointed must, *except where the infant's property does not exceed the sum of* $2,000, execute to the infant, and file in the surrogate's office his bond. * * * But in counties containing a city of the first or second class, or a part of such city, where the property of the infant *does not exceed the sum of* $2,000, the surrogate, before the issue of letters of guardianship of the infant's property, shall make an order directing that the guardian collect and receive the moneys and property of his ward jointly with a person designated in the order, and that all such moneys and other property, so far as the same are conveniently capable of deposit, shall be deposited in the name of such guardian, subject to the order of the surrogate, with such savings bank or safe deposit company as shall be in like manner designated. * * *"

It will be noted that this section makes no distinction between general guardians and guardians appointed by will, but uses the general term "guardian." This term, as used in chapter 18 of the Code, is defined by the Code, section 2642, which, so far as material, is as follows:

"A general guardian. * * * A guardian by will is one appointed by the will of a father or mother in accordance with the provisions of the Domestic Relations Law and of section 1745 of the Code of Civil Procedure, who has duly qualified pursuant to the provisions of this article. A guardian by deed. * * * The term 'guardian' as used in this chapter applies to all such guardians, except ancillary guardians."

I think it follows as a necessary conclusion that the provisions of section 2650 of the Code of Civil Procedure are applicable to guardians appointed by wills, and I so hold. I do not believe that section 2658 of the Code makes the filing of a bond a prerequisite to the issuance of letters in all cases. This section and section 2650 must be read together, and I think, when so read, a reasonable construction is in harmony with the conclusion that I have reached. Letters will issue to the petitioner on these two applications without requiring her to file bonds, upon her complying with the remaining provisions of section 2658 of the Code, such letters to contain the substance of an order to be made before the issue of the same, providing for the deposit of the moneys and the control thereof as set forth in section 2650 of the Code of Civil Procedure.

Decreed accordingly.

---

### In re WRIGHT'S ESTATE.

(Surrogate's Court, New York County. January 14, 1915.)

APPEAL AND ERROR (§ 936*)—PRESUMPTION—COSTS.

In view of the fact that under Code Civ. Proc. §§ 2745–2747, costs in the Surrogate's Court are in the discretion of the surrogate, and that no costs were allowed by the surrogate in a proceeding to assess a tax on a decedent's estate, and of the fact that the provision of section 2589 that the appellate court may award to "the successful party the costs of the appeal" gives it no authority to award costs in the proceeding in the Surrogate's Court, it will not be presumed that the Appellate Division intended to award to the appellant any costs in a proceeding instituted in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the Surrogate's Court to assess a tax on the transfer of a decedent's property, but will be presumed that the costs allowed by that court are the costs of the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3782, 3787; Dec. Dig. § 936.*]

In the matter of the estate of Charles F. Wright. Application for taxation of costs on order reversing order, with costs, and dismissing the proceeding, with costs. Costs taxed, and order of remittitur signed.

Lyon & Smith, of New York City, for appellants.

Edward F. Boyle, of New York City, for respondent State Comptroller.

FOWLER, S. This is an application for taxation of costs upon an order of the Appellate Division reversing the order of this court, with costs, and dismissing the proceeding, with costs. 150 N. Y. Supp. 517. An order was entered in this court upon the report of the transfer tax appraiser assessing a tax upon a trust fund which came into the possession of the trustees after decedent's death. An appeal was taken to the surrogate from the pro forma order entered upon the appraiser's report, and a decision was rendered which directed that the appraiser's report be remitted to him for correction. The order entered upon his supplemental report was affirmed by this court, and an appeal was then taken by the trustees to the Appellate Division, where the order of the surrogate was reversed and the proceeding dismissed. The appellants submit a bill of costs containing the following items:

"Trial fee, contest, $70; trial fee, issue of law, $20; proceedings after granting and before new trial, $25; costs in the Appellate Division before argument, $20; for argument, $40."

The state comptroller contends that the only costs to which the appellants are entitled are $20 before argument and $40 for argument in the Appellate Division. Section 232 of the Tax Law (Consol. Laws, c. 60) provides that the surrogate cannot allow costs upon an appeal to him from his pro forma order entered upon the appraiser's report; therefore the only proceeding to which the direction of the Appellate Division could apply would be the proceeding before the appraiser which terminated in the filing of his report and the entry of the pro forma order thereon. Costs have never been awarded by this court in proceedings before the transfer tax appraiser, and I doubt whether this court has jurisdiction to grant such costs. The proceeding before the appraiser is not a proceeding before this court, as the appraiser is an employé of an independent branch of the state government, and the entry of the pro forma order upon his report is a ministerial act upon the part of the surrogate, and not an act requiring the exercise of judicial authority. In any event, costs in the Surrogate's Court are in the discretion of the surrogate (sections 2745, 2746 and 2747, C. C. P.), and no costs were allowed to the respondent by this court in the proceeding to assess a tax upon the estate of the decedent. Section 2589, C. C. P., provides that "the appellate court may award to a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

successful party the costs of the appeal," but nothing is said about the authority of the appellate court to award costs in the proceeding before this court.

` I am therefore inclined to think that the Appellate Division did not intend to award to the appellants any costs in the proceeding instituted in this court to assess a tax upon the transfer of property of decedent and that the costs allowed by that court are the costs on the appeal taken to the Appellate Division from the final order of this court. I will fix the costs at $60, with disbursements.

Costs taxed and order on remittitur signed.